UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RITA BROWN | CIVIL ACTION |
| VERSUS | NO. 10-852 |
| JABEZ SPORTS CLIPS LA, LLC | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court is Defendant's motion for summary judgment (Rec. Doc. 46). On August 16, 2011, Defendant was required to seek leave to file this motion because, pursuant to the Court's local rules, the proposed motion would not be taken under submission until a date after the August 18, 2011 deadline set forth in the Court's December 10, 2010 scheduling order. *See* Rec. Docs. 18 and 29. Following consideration of the parties' various supporting and opposing memoranda (Rec. Docs. 29-31, 34-36, and 39), the Court granted Defendant's motion seeking leave to file the belated motion. *See* Rec. Doc. 45. Thereafter, following Defendant's submission of a reply memorandum in support of its summary judgment motion, a dispute ensued as to whether Plaintiff should be allowed to supplement her opposition with her own and Kim Crispino's declarations. *See* Rec. Docs. 49, 51, and 55. By separate order also entered on this date, the Court has granted Plaintiff's motion for leave to file (Rec. Doc. 49).

Having considered all of the parties' submissions, including Defendant's assertion that, if Plaintiff were allowed to file her own and Ms. Crispino's declarations, Defendant might seek leave to strike the declarations, or to file a sur-reply (Rec. Doc. 51), it is not evident to the Court that all information pertinent to proper resolution of Defendant's motion necessarily has been submitted to date, or that the matter is ready to proceed to trial as scheduled on October 17, 2011. Additionally, the Court's trial calendar reflects a scheduling conflict with the current trial date.

Accordingly, on the showing made, **IT IS ORDERED** that the October 17, 2011 trial date and the October 11, 2011 pre-trial conference date are **CONTINUED** until dates to be determined as part of a scheduling conference to be held with the Court's case manager/courtroom deputy. Counsel shall be informed of the date and time of that conference as soon as it is scheduled.

Given the foregoing, **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Rec. Doc. 46) is **DENIED WITHOUT PREJUDICE** to Defendant's right to re-urge a properly supported motion in accordance with the new trial date and related deadlines if, upon further review of Plaintiff's submissions, it believes such a motion is warranted. The parties are additionally reminded that credibility questions typically should be determined by the trier-of-fact, and that even arguably "self-serving" affidavits may be sufficient to create a fact issue for trial if they are not wholly conclusory and are based on personal knowledge. *See, e.g., R. Pittman Const. Co., Inc. v. National Fire Ins. Co.,* No.10-20950, 2011 WL 4509554, \*3 (5th Cir. 2011) (unpub.); *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 513 (5th Cir.1999), *superseded by Fed.R.Evid. 103(a) on other grounds as recognized in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). And, finally, that the Court is not obligated to search the record for evidence supporting either

party's position relative to a summary judgment motion.  *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials").[1]

New Orleans, Louisiana, this 4th day of October 2011.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**Clerk to Copy**:
Magistrate Judge Sally Shushan

---

[1] Counsel and the parties are additionally reminded of the Court's requirements relative to line spacing and font size.  *See* Local Rule 10.1 of the Local Civil Rules of the United States District Court for the Eastern District of Louisiana (effective February 1, 2011).