UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RITA BROWN**                                                              **CIVIL ACTION**

**VERSUS**                                                                     **NO: 10-0852-JTM-SS**

**SPORTS CLIPS**

## ORDER

PLAINTIFF'S MOTION TO COMPEL CUSTOMER LIST (Rec. doc. 72)

**DENIED**

The plaintiff, Rita Brown ("Brown"), alleges claims for racially discriminatory hiring, racial harassment, and retaliation. In support of the harassment claim, she alleges that she was subjected to racial slurs fifteen to twenty times per day throughout her employment as a hair stylist by the defendant, Sports Clips, from April 2007 through January 2010. The slurs were made by co-employees, one of her managers, and customers. Rec. doc. 1. The trial was set for October 17, 2011. Rec. docs. 18 and 58. On October 14, 2011, the case was reassigned. Rec. doc. 61. The trial was reset for September 24, 2012. Rec. doc. 63.

Brown seeks testimony from defendant's customers to corroborate her claim that she was subject to racial slurs fifteen to twenty times per day. To obtain this testimony she wants the defendant's customer lists and contact information for her nearly three years of employment. Brown proposes to contact the customers and/or depose them to obtain evidence that she was subjected to racial slurs. Although Brown was employed by defendant for nearly three years, she has not brought forward any of her "regulars" at defendant to corroborate her claim.

"All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii) and (iii)." Fed. R. Civ. P. 26(b)(2). These limitations are as follows:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). For the reasons described by the defendant, the information sought by Brown goes beyond these limitations.

IT IS ORDERED that Brown's motion to compel customer list (Rec. doc. 72) is DENIED.

New Orleans, Louisiana, this 8th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**