UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RITA BROWN | * | CIVIL ACTION NO. 10-852 |
| Plaintiff | * | |
| | * | SECTION: H |
| VERSUS | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| SPORTS CLIPS | * | |
| Defendant | * | MAGISTRATE: 1 |
| | * | MAG. SALLY SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ****

## ORDER AND REASONS

The matter before the Court is Plaintiff's Motion for New Trial. (Doc. 105.) For the following reasons Plaintiff's Motion is hereby **DENIED**.

## BACKGROUND

Plaintiff Rita Brown ("Brown") is an African American female who was a hair stylist for Defendant, Jabez Sport Clips, LA, LLC, ("Sport Clips") at its store on Martin Luther King Boulevard in Houma. Plaintiff was hired in April 2008 at a rate of $10.00 an hour to be a member of the store's grand opening team. In July, 2008 Plaintiff was given a raise to $10.50 an hour and was

given an opportunity to work additional time before and after business hours. Plaintiff's tenure with Sport Clips ended in January, 2009 when her employment was considered voluntarily abandoned.

Plaintiff filed suit on March 15, 2010 alleging racially discriminatory hiring, racial harassment, and retaliation. Plaintiff voluntarily dismissed her retaliation and racially discriminatory hiring claims prior to trial.

On September 17, 2012 Plaintiff filed a motion *in limine* to exclude evidence of Plaintiff's prior lawsuits. (Doc. 93.) Plaintiff argued that this evidence was more prejudicial than probative and that she should not be faced with re-litigating the prior lawsuits. (*Id.*) Defendant subsequently opposed the motion *in limine*. (Doc. 99.)

On September 24-25, 2012 a jury trial was held on Plaintiff's racial harassment claim. On the first day of trial, the Court denied Plaintiff's motion *in limine* regarding Plaintiff's prior lawsuits. (Doc. 102.) On September 25, 2012 a unanimous jury of eight found by a preponderance of the evidence that the employees of Sport Clips did not harass the Plaintiff. (Doc. 103-1.) Subsequently, Judgment was entered in favor of Sport Clips and against Rita Brown. (Doc. 104.)

On October 23, 2012 Plaintiff filed a Motion for New Trial. (Doc. 105.) Defendant opposed the Motion on October 29, 2012. (Doc. 106.) Plaintiff filed her reply on November 6, 2012. (Doc. 110.) The Court took the Motion under submission on November 7, 2012.

**LEGAL STANDARD**

Rule 59 provides that on a motion filed by a party the court may "[g]rant a new trial on all

or some of the issues - and to any party - as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(a) does not list out specific grounds for a new trial. *See Id.* On the other hand, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand." *Learmonth v. Sears, Roebuck and Co.*, 631 F.3d 724, 730 (5th Cir. 2011) (quoting *Foradori v. Harris*, 523 F.3d 477, 506–07 (5th Cir. 2008)) (internal quotations omitted).

**LAW AND ANALYSIS**

The Court finds no basis for overturning the jury's decision finding that Plaintiff was not subject to racial harassment by Sport Clips employees. As such, Plaintiff's Motion for New Trial is denied.

*I. Arguments of the Parties*

Plaintiff argues that the Court committed legal error by admitting evidence of Plaintiff's prior Title VII lawsuits. (Doc. 105-1 at 1.) Specifically, Plaintiff avers that the "[a]dmission of this evidence was far more prejudicial than probative." (*Id.*) Citing other jurisdictions, Plaintiff contends that evidence of prior lawsuits to show that a plaintiff is "claims-minded" is inadmissible. (*Id.* at 3.) Plaintiff further alleges that Defendant's closing arguments were more prejudicial than

probative because they raised Plaintiff's purported "claim-mindedness." (*Id.* at 6.) As such, Plaintiff requests the Court to grant a new trial. (*Id.* at 1.)

Defendant argues that the Court's admissibility of the previous Title VII lawsuits was proper. (Doc. 106 at 1-2.) Defendant highlights that its principal defense was that Plaintiff's allegations were unsupported by the facts and that Plaintiff wholly lacked credibility and the capacity for truthfulness. (*Id.* at 2.) As such, Defendant contends that it was essential for the jury to examine Plaintiff's pattern of repeatedly filing identical Title VII suits against her former hair salon employers as it is highly relevant to her credibility. (*Id.*) Additionally, Defendant notes that her second lawsuit against a former hair salon involved fraudulent activity. (*Id.* at 5.) Ultimately, Defendant concludes that the Court's decision to allow the substantially similar prior Title VII suits was well-grounded in statutory and jurisprudential authority and therefore the Motion should be denied. (*Id.*)

*II. Analysis*

"A district court is accorded [] wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)) (internal quotations omitted). Accordingly, the district court is tasked with weighing the probative value of the proffered evidence against the potential prejudice of that evidence under Federal Rules of Evidence 401 and 403.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Fifth Circuit has emphasized that admission of evidence is favored, and that

general doubts should be resolved in favor of admissibility. *United States v. Lykes Bros. S.S. Co.*, 432 F.3d 1076, 1077 (5th Cir. 1970) (internal citation omitted). The court may exclude relevant evidence, however, if its probative value is substantially outweighed in certain enumerated circumstances. Fed. R. Evid. 403. Specifically, "Rule 403 requires that the probative value of the evidence must be 'substantially outweighed by the danger of unfair prejudice' before the court may exclude the disputed evidence.'" *Baker v. Can. Nat'l Ill. Cent. RR*, 536 F.3d 357, 369 (5th Cir.2008) (quoting Fed. R. Evid. 403).

Plaintiff argued pre-trial and argues now that *Feezor v. Golden Bear Restaurant Group, Inc.*, No. 2:09-cv-03324-GEB-CMK, 2012 WL 2873353 (E.D. Cal. July 12, 2012), is applicable. In *Feezor* the Court held that in light of Federal Rule of Evidence 403 and because none of Plaintiff's past American with Disabilities Act ("ADA") lawsuits were fraudulent, then exclusion of testimony and evidence regarding plaintiff's past ADA lawsuits was proper. *Id.* at *1-2. Notwithstanding the fact that *Feezor* is not binding on this Court, this Court finds its ruling in accordance with *Feezor*. Specifically, evidence was presented to the Court to show that there was potentially fraudulent activity of the Plaintiff. After being terminated by SmartStyle in 2001, Plaintiff brought a Title VII suit against Regis Corporation ("Regis") alleging racial discrimination and retaliation. (Doc. 106-1.) As a part of her settlement from this lawsuit, Plaintiff agreed that she would never reapply for employment with Regis or any of its related entities. Evidence provided to the Court revealed an apparent attempt to evade Regis's detection in filling out her job application by giving a different social security number, driver's license number, and spelling her name differently. Additionally, Plaintiff's allegations in all three lawsuits are remarkably similar, if not the exact same. (*See* Docs.

106-1, 106-2, 106-3.) As such, this Court finds its ruling proper under *Feezor.*

This Court initially found, and reiterates now, that the entire trial rested on Plaintiff's credibility and capacity for truthfulness. "Evidence showing a lack of truthfulness is [] highly probative and not substantially outweighed by the risk of unfair prejudice, confusion, or delay under Rule 403." *Pace v. Bunch*, No. 3:10cv460-DPJ-FKB, 2012 WL 32980, at *2 (S.D. Miss., Jan. 6, 2012). As such, this Court found that the circumstances surrounding Plaintiff's previous lawsuits was essential for consideration by the fact finder.

Additionally, both Plaintiff's counsel and Defense counsel had the chance to question Plaintiff about the circumstances surrounding these lawsuits. Plaintiff was granted an opportunity to explain to the jury why she applied for Regis in light of the previous settlement and why the answers to the background questions were incorrect. "When a party has an opportunity to explore admitted evidence of prior acts 'through examination of its own witnesses' and exercises that opportunity, the admission of potentially damaging evidence is not reversible error." *Vance v. Union Planters Corp.*, 209 F.3d 438, 445 (5th Cir. 2000) (quoting *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1365 (10th Cir. 1987)).

In the end, the Court finds Plaintiff's prior lawsuits more probative than prejudicial. As such, allowing testimony and evidence regarding these lawsuits was not manifest injustice. Accordingly, Plaintiff's Motion for New Trial is denied.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion for New Trial is hereby **DENIED**.

New Orleans, Louisiana on this 2nd day of January, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**